THE HOBOKEN LAND AND IMPROVEMENT COMPANY

*v.*

THE MAYOR AND COMMON COUNCIL OF THE CITY OF HOBOKEN.

Where no special grounds for the interference of equity are shown,
parties claiming an exemption from the assessment of a tax by reason
of a special statute, must apply to a court of law for relief. That a
great many tax-payers will be affected by such assessment will not, of
itself, give equity jurisdiction.

Bill for injunction. On order to show cause. On bill and
answer.

*Mr. L. Abbett,* for complainants.

*Mr. M. W. Niven,* for defendants.

THE CHANCELLOR.

This suit is brought to restrain the assessor of taxes of the
city of Hoboken from assessing any tax on a certain part

(it is what was formerly Weehawken township) of the territory of the city to raise certain moneys specified in the bill.. The complainants are owners of property in that part of the city, and claim exemption for themselves and all other owners of property there from taxation for those particular· moneys, under the act of the legislature (*P. L. 1874 p. 402*) by which that territory was added to and became part of the· city, though they do not deny that they are subject to the· taxation which is about to be imposed as to other moneys.. That act provided that the annexed territory should be· liable to taxation the same as other property in the city,. unless, within thirty days from the passage of the act, the owners of a majority in value or area of the territory annexed should file their assent to the act with, and pay $500· to, the treasurer of the city, and that the payment of that· sum should be in lieu and satisfaction of all tax and imposition that might thereafter be levied by the city to pay the principal or interest of any indebtedness incurred before the passage of the act, except certain indebtedness specified in· the act, and that the city authorities should so apportion the· taxes of the city that no part of the indebtedness incurred by the city before the passage of the act, except that which. was particularly specified in the act, should ever be levied on or collected from the annexed territory. The bill states. that the assent was filed and the $500 duly paid, and claims. that the territory is exempt accordingly.

The city has answered, admitting the intention to levy the· tax, but denying the exemption as to the moneys for which. the tax is to be assessed, and it denies the right to relief in this court. An order to show cause was made by consent,. to bring the questions involved in the case before the court.

To warrant the interference of equity with the assessment and collection of a tax about to be levied under color of a public law, there must be some peculiar ground of equity jurisdiction. *Hoagland* v. *Township of Delaware, 2 C. E. Gr. 106, 115, 116 ; Cooley on Taxation 540 ; Borroughs on Taxa--*

*tion 363; Western R. R. Co.* v. *Nolan, 48 N. Y. 513; High on Inj.* § *354.*

The remedy of the complainants in this case is by *certiorari.* They complain that the defendants are about to levy and collect an illegal tax, while the defendants, on the other hand, insist that the tax is legal. No fraud or corruption is alleged. The question presented by the bill is merely whether the annexed territory is or is not exempt from the tax in question. The fact that a great many tax-payers will be affected by the assessment will not of itself give jurisdiction to this court. Nor is jurisdiction to be assumed on the ground suggested by complainants' counsel, specific performance. The complainants have a complete and adequate remedy at law, and the common law courts are the proper forum for the consideration of the question presented.

Said Chancellor Kent, in *Mooers* v. *Smedley, 6 Johns. Ch. 28, 31,* where an injunction was sought to restrain the collection of sums inserted in the annual tax-list to be collected of owners of lands &c., for moneys allowed by the supervisors of a town under acts of the legislature, and pursuant to the vote of the town, for wolf bounties : " The review and correction of all errors, mistakes and abuses in the exercise of the power of subordinate public jurisdictions, and in the official acts of public officers, belongs to the supreme court. It has always been a matter of legal, and never a matter of equitable, cognizance. This is not the case of a private trust, but the official act of a political body, and in the whole history of the English court of chancery there is no instance of the assertion of such a jurisdiction as is now contended for. The superintending control in these cases has always been exercised in the court of king's bench, and nowhere else, and that court has proceeded by *certiorari, mandamus, prohibition, information, &c.*"

It appears by the answer, it may be added, that there is no reason whatever why recourse should not be had to law. The injunction will be denied, with costs.